DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JAMILLA STEPHENS-WILLIAMS** and **SM WILLIAMS,**
Appellants,

v.

**MICHAEL JOHNSON,**
Appellee.

Nos. 4D15-587 and 4D15-1005

[January 6, 2016]

Consolidated appeals from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Meenu Sasser and Howard Harrison, Judges; L.T. Case No. 2015-CA-000263.

Jamilla Stephens-Williams and SM Williams, West Palm Beach, pro se.

No brief filed for appellee.

PER CURIAM.

This is an appeal by the tenant of a final judgment awarding possession of a residential property to the landlord after the tenant failed to pay rent. The tenant complains that the trial court erred by failing to hold an evidentiary hearing on her contention that the landlord's three-day notice, required by section 83.56(5)(a)(3), Florida Statutes (2014), was flawed. She also argues that the trial court erred in requiring her to deposit accrued and accruing rent in the court registry.

Unfortunately for the tenant, she neither paid the disputed rent into the registry, nor requested a hearing to determine the amount of rent within five days of the date of service of process of the complaint. Her request to determine the amount of rent was filed six days after service. The statute is unforgiving, and failure to timely file "constitutes an absolute waiver of the tenant's defenses other than payment." § 83.60(2), Fla. Stat. (2014). As a result, "the landlord is entitled to an immediate default judgment for removal of the tenant with a writ of possession to issue without further notice or hearing thereon." *Id.*

*Affirmed.*

WARNER, STEVENSON and FORST, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***